IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LARRY DALE PUCKETT, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:21-cv-00587 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| SANDRA HALEY, | ) |     United States District Judge |
|     Defendant. | ) | |

**MEMORANDUM OPINION**

Plaintiff Larry Dale Puckett, proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, naming a single defendant, Sandra Haley, who he identifies as his attorney in a Patrick County criminal case. His complaint is not detailed; he merely alleges that: (1) Haley "withheld evidence" in his case that would have helped him; and (2) refused to file an appeal until he filed a complaint with the state bar association. For relief, he asks for monetary compensation, but he does not specify an amount.

Puckett has sought leave to proceed *in forma pauperis*, and the complaint is before the court for review pursuant to 28 U.S.C. § 1915(e)(2)(B), which requires the court, in a case where a plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted. Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure of a pleading to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying those standards here, it is clear that Puckett's complaint must be dismissed.

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted). It is well established that an attorney representing a criminal defendant in state court, whether retained, a public defender, or a court-appointed attorney, does not act "under color of state law." As the Fourth Circuit has explained,

> Defense attorneys do not act 'under color of' state law and are, therefore, not amenable to suit under § 1983, whether privately retained, *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976), appointed by the state, *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980), or employed as public defenders, *Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

*Ward v. Ghee*, 8 F.3d 823 (4th Cir. Oct. 13, 1993) (unpublished table decision). Relying on *Deas*, *Hall*, and/or *Polk County*, numerous district courts have dismissed § 1983 claims brought against a plaintiff's criminal counsel on this basis. *E.g.*, *Clark v. Dills,* No. CV GJH-21-833, 2021 WL 2685254, at *3 (D. Md. June 29, 2021); *Howard v. Sharrett*, No. 1:21cv562, 2021 WL 2372888 (E.D. Va. May 18, 2021); *Curry v. South Carolina*, 518 F. Supp. 2d 661, 667 (D.S.C. 2007).

Consistent with the foregoing authority, there is no section 1983 liability for the only named defendant in this case because she did not act under color of state law. For this reason, Puckett's complaint must be dismissed.[1]

---

[1] Puckett's claims for monetary damages are also likely frivolous under *Heck v. Humphrey*, 512 U.S. 477 (1994), but the court need not address that issue in light of the lack of state action. Furthermore, to the extent Puckett seeks to challenge his state conviction on the basis of ineffective assistance of counsel, he should do so through a petition for habeas corpus pursuant to 28 U.S.C. § 2254, after first exhausting his state-court remedies.

An appropriate order will be entered.

Entered: November 17, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge